## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEPHEN ROBBINS,

               Plaintiff,

     v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

               Defendant.

Case No. 2:18-cv-02400

## EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint filed by Stephen Robbins ("Plaintiff"). As an initial matter, Experian reserves the right to supplement or amend its answer based on future investigation or discovery. Experian states as follows:

### PRELIMINARY STATEMENT

1.     Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiffs for any alleged damages.

### JURISDICTION AND VENUE

2.     Paragraph 2 states a legal conclusion to which no response is required.

3.     Paragraph 3 states a legal conclusion to which no response is required.

## PARTIES

4.      In response to Paragraph 4, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

5.      In response to Paragraph 5, Experian admits that it is a corporation that conducts business in Kansas. Experian further admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. § 1681a(d). Experian denies any remaining allegations of Paragraph 5.

## ALLEGATIONS COMMON TO ALL CLAIMS

6.      In response to Paragraph 6, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

7.      In response to Paragraph 7, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

8.      In response to Paragraph 8, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

9.      In response to Paragraph 9, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

10.     In response to Paragraph 10, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

11.     In response to Paragraph 11, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

12.     In response to Paragraph 12, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

13.     In response to Paragraph 13, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

14.     In response to Paragraph 14, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that 26 U.S.C. §61(a)(12) speaks for itself and on that basis denies any allegation of Paragraph 14 inconsistent therewith.

15.     In response to Paragraph 15, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that the case law cited speaks for itself and on that basis denies any allegation of Paragraph 15 inconsistent therewith.

16.     In response to Paragraph 16, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that the case law cited speaks for itself and on that basis denies any allegation of Paragraph 16 inconsistent therewith.

17.     In response to Paragraph 17, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that the case law cited speaks for itself and on that basis denies any allegation of Paragraph 17 inconsistent therewith.

18.     Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

19.     In response to Paragraph 19, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

20.     In response to Paragraph 20, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

22.     In response to Paragraph 22, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

23.     In response to Paragraph 23, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

24.     In response to Paragraph 24, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

25.     In response to Paragraph 25, Experian denies, generally and specifically, each and every allegation contained therein.

26.     In response to Paragraph 26, Experian denies, generally and specifically, each and every allegation contained therein.

27.     In response to Paragraph 27, Experian denies, generally and specifically, each and every allegation contained therein.

28.     In response to Paragraph 28, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

## CLAIM FOR RELIEF
### LIABILITY UNDER 15 U.S.C. §§ 1681n and 1681o

29.     In response to Paragraph 29 of the Complaint, Experian fully restates its answers to Paragraphs 1 through 28 as though fully stated herein.

30.     In response to Paragraph 30 of the Complaint, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegation of Paragraph 30 inconsistent therewith.

31.     In response to Paragraph 31 of the Complaint, Experian states this Paragraph is a legal conclusion not subject to admission or denial.  Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegation of Paragraph 31 inconsistent therewith.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

33.     Paragraph 33 contains legal conclusions to which no response is required.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

34.     In response to Paragraph 34, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

35.     In response to Paragraph 35, Experian denies, generally and specifically, each and every allegation contained therein.

36.     In response to Paragraph 36, Experian denies, generally and specifically, each and every allegation contained therein.

37.     In response to Paragraph 37, Experian denies, generally and specifically, each and every allegation contained therein.

38.     In response to Paragraph 38, Experian denies, generally and specifically, each and every allegation contained therein.

39.     In response to Paragraph 39, Experian denies, generally and specifically, each and every allegation contained therein.

40.     In response to Paragraph 40, Experian denies, generally and specifically, each and every allegation contained therein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Experian for:
    (a) Actual damages sustained;
    (b) Statutory damages of not less than $100 and not more than $1000 on each
    willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;
(d) Reasonable attorney's fees and costs; and
(e) Any further relief as deemed appropriate and just by this Honorable Court.

In response to this unnumbered Paragraph, Experian admits that Plaintiff has so demanded. Experian denies that Plaintiff is entitled to judgment or any relief against Experian or that Experian is liable to Plaintiff in any manner whatsoever.

## JURY DEMAND

Experian admits that Plaintiff had demanded a jury trial on all issues so triable.

*       *       *       *

## EXPERIAN'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to Paragraphs 1 through 40 of the Complaint, and to the unnumbered Paragraphs and footnotes contained therein.  Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all of the information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Any purported damages allegedly suffered by Plaintiff are the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint, and each claim for relief therein, is barred by laches.

## SIXTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

All claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### NINTH AFFIRMATIVE DEFENSE
### (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports.

### TENTH DEFENSE
### (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

### ELEVENTH AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### TWELFTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional, different, or modified affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: October 3, 2018

Respectfully submitted,

**HORN AYLWARD & BANDY, LLC**

/s/ Danne W. Webb

Danne W. Webb     KS #22312
Andrea S. McMurtry       KS #24746
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: 816-421-0700
Facsimile: 816-421-0899
dwebb@hab-law.com
amcmurtry@hab-law.com

*Attorney for Defendant Experian Information
Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018, the foregoing was served by operation of the

Court's CM/ECF system upon counsel of record.

/s/ Danne W. Webb

*Attorney for Defendant*
*Experian Information Solutions, Inc*